UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

September 18, 2017

LETTER TO COUNSEL

      RE:   *Angela Thomas v. Commissioner, Social Security Administration*;
               Civil No. SAG-16-4112

Dear Counsel:

On December 28, 2016, Plaintiff Angela Thomas petitioned this Court to review the Social Security Administration's final decision to deny her claims for Disability Insurance Benefits and Supplemental Security Income. [ECF No. 1]. I have considered the parties' cross-motions for summary judgment. [ECF Nos. 19, 20]. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will grant the Commissioner's motion and deny Ms. Thomas's motion. This letter explains my rationale.

Ms. Thomas filed claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") on June 6, 2012. (Tr. 149-57, 158-64). She alleged a disability onset date of April 1, 2010. (Tr. 39, 149, 158). Her claims were denied initially and on reconsideration. (Tr. 100-04, 107-10). An Administrative Law Judge ("ALJ") held a hearing on April 6, 2015. (Tr. 34-54). Following the hearing, the ALJ determined that Ms. Thomas was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 11-27). The Appeals Council denied Ms. Thomas's request for review, (Tr. 1-4), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Ms. Thomas suffered from the severe impairments of cognitive disorder and depression. (Tr. 16). Despite these impairments, the ALJ determined that Ms. Thomas retained the residual functional capacity ("RFC") to:

> perform work at all exertional levels but she is limited to routine repetitive tasks and must avoid direct contact with the general public and fast pace production work.

(Tr. 18). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Thomas could perform jobs existing in significant numbers in the national economy, and therefore was not disabled. (Tr. 22).

On appeal, Ms. Thomas argues that the ALJ failed to apply the proper legal standard in determining whether her impairments met the criteria listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, § 12.05(C). Her argument lacks merit and is addressed below.

First, Ms. Thomas argues that the ALJ ignored judicial precedent by failing to find that her impairments *per se* satisfied the requirements of Listing 12.05(C) at step three of the sequential evaluation. Pl. Mem. 6-8. To satisfy Listing 12.05, a claimant must meet the criteria of the introductory paragraph and one of four subsections, identified as subsections A, B, C, or D. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.05 (2015); *see also Jackson v. Astrue*, 467 F. App'x 214, 217 (4th Cir. 2012). The introductory paragraph of Listing 12.05 requires a showing of "significantly subaverage general intellectual functioning with *deficits in adaptive functioning* initially manifested during the developmental period; *i.e.*, the evidence demonstrates or supports onset of the impairment before age 22." 20 C.F.R., Pt. 404, Subpt. P, App. 1 § 12.05 (2015) (emphasis added). Deficits in adaptive functioning may include "limitations in areas such as communication, self-care, home living, social/interpersonal skills, use of community resources, self-direction, functional academic skills, work, leisure, health, and safety." *Jackson*, 467 F. App'x at 218. Relevant to the instant case, subsection C of Listing 12.05 requires a showing of two distinct prongs: (1) "[a] valid verbal, performance, or full scale IQ of 60 through 70;" and (2) "a physical or other mental impairment imposing an additional and significant work-related limitation of function." 20 C.F.R., Pt. 404, Subpt. P, App. 1 § 12.05(C) (2015). Ms. Thomas argues that subsection C is *per se* satisfied by (1) her full scale IQ of 65 and verbal IQ of 70, and (2) the work-related limitations that the ALJ determined resulted from her severe impairments of depression and cognitive disorder. Pl. Mem. 7-10.

Ms. Thomas's argument rests on her contention that a claimant is required only to prove the two prongs of subsection C to satisfy the criteria of Listing 12.05.[1] *See* Pl. Mem. 6-7. Ms. Thomas's contention, however, is at odds with regulatory guidance and judicial precedent. *See* 20 C.F.R., Pt. 404, Subpt. P, App. 1 § 12.00 (2015) ("If your impairment satisfies the diagnostic description in the introductory paragraph *and* any one of the four sets of criteria, we will find that your impairment meets the listing.") (emphasis added); *see also Hancock v. Astrue*, 667 F.3d 470 (4th Cir. 2012) ("Listing 12.05 requires a showing of 'deficits in adaptive functioning initially manifested during the developmental period; *i.e.*, the evidence demonstrates or supports onset of the impairment before age 22[.]'"); *Watson v. Astrue*, Civil Action No. CBD-11-2491, 2013 WL 136425 (D. Md. Jan. 9, 2013) ("The structure of Listing 12.05 for mental retardation is unique in that it contains an introductory paragraph with the diagnostic criteria for mental retardation, *which must be satisfied* before applying paragraphs A through D.") (emphasis added). Here, the ALJ properly evaluated Ms. Thomas's impairments according to the criteria set forth in Listing 12.05(C). Most notably, the ALJ found: "[E]ven though the claimant has a low IQ consistent with the requirements of [Listing] 12.05C, her adaptive functioning is not consistent with 'intellectual disability' as required by the listing." (Tr. 18). The ALJ explained that Ms. Thomas

---

[1] Ms. Thomas also argues that the "ALJ's decision is devoid of any reference to 12.05(C)." Pl. Mem. 8. In his decision, however, the ALJ explicitly referenced Listing 12.05(C) in evaluating Ms. Thomas's impairments. The ALJ explained: "[E]ven though the claimant has a low IQ consistent with *the requirements of 12.05C*, her adaptive functioning is not consistent with 'intellectual disability' as required by the listing." (Tr. 18) (emphasis added).

"has worked at SGA levels in the past as a daycare assistant, she can take care of her personal needs independently and prepare food, and she has cared for her four children on her own." *Id.* In his analysis, the ALJ considered Ms. Thomas's ability to engage in self-care, home living, and work, as required by judicial precedent. *Id.*; *see Jackson*, 467 F. App'x at 218. Accordingly, I find that the ALJ adequately addressed Listing 12.05(C) in his conclusion that Ms. Thomas does not meet the threshold requirement that she suffers from deficits in adaptive functioning.

For the reasons set forth herein, Ms. Thomas's Motion for Summary Judgment (ECF No. 19) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 20) is GRANTED. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

    Sincerely yours,

    /s/

    Stephanie A. Gallagher
    United States Magistrate Judge